UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN J. McCARTHY, :
        Petitioner : CIVIL NO. 1:CV-15-0642
   vs. :
: (Judge Caldwell)
WARDEN EBBERT, :
        Respondent :

---

JOHN J. McCARTHY, :
        Petitioner : CIVIL NO. 1:CV-15-1023
   vs. :
: (Judge Caldwell)
WARDEN USP LEWISBURG, :
        Respondent :

---

JOHN J. McCARTHY, :
        Petitioner : CIVIL NO. 1:CV-15-1374
   vs. :
: (Judge Caldwell)
WARDEN EBBERT, :
        Respondent :

---

JOHN J. McCARTHY, :
        Petitioner : CIVIL NO. 1:CV-15-1685
   vs. :
: (Judge Caldwell)
WARDEN EBBERT, :
        Respondent :

---

```
JOHN J. McCARTHY,                    :
              Petitioner             :    CIVIL NO. 1:CV-15-1912
        vs.                          :
                                     :    (Judge Caldwell)
WARDEN EBBERT,                       :
              Respondent             :
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```
JOHN J. McCARTHY,                    :
              Petitioner             :    CIVIL NO. 1:CV-15-1913
        vs.                          :
                                     :    (Judge Caldwell)
WARDEN EBBERT,                       :
              Respondent             :
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```
JOHN J. McCARTHY,                    :
              Petitioner             :    CIVIL NO. 1:CV-16-0007
        vs.                          :
                                     :    (Judge Caldwell)
WARDEN DAVID EBBERT,                 :
              Respondent             :
```

## *M E M O R A N D U M*

I.   *Introduction*

Presently before the court are seven petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by John McCarthy, a federal prisoner housed at the United States Penitentiary in Lewisburg, Pennsylvania. In all seven cases, McCarthy alleges that the BOP has failed to properly consider him for pre-release placement in community confinement under the Second Chance Act.  *See McCarthy v. Ebbert*, Civ. No.

-2-

1:15-0642 (M.D. Pa.) (Caldwell, J.); *McCarthy v. Warden USP Lewisburg*, Civ. No. 1:15-1023 (M.D. Pa.) (Caldwell, J.); *McCarthy v. Ebbert*, Civ. No. 1:15-1374 (M.D. Pa.) (Caldwell, J.); *McCarthy v. Ebbert*, Civ. No. 1:15-1685 (M.D. Pa.) (Caldwell, J.) *McCarthy v. Ebbert*, Civ. No. 1:15-1912 (M.D. Pa.) (Caldwell, J.); *McCarthy v. Ebbert*, Civ. No. 1:15-1913 (M.D. Pa.) (Caldwell, J.); *McCarthy v. Warden USP Lewisburg*, Civ. No. 1:16-0007 (M.D. Pa.) (Caldwell, J.).

II.   *Discussion*

In pertinent part, Fed. R. Civ. P. Rule 42 authorizes the court to consolidate actions involving "a common question of law or fact." Rule 42(a). Consolidation is a matter of discretion. *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005)(nonprecedential) ("A district court has broad discretion when determining whether consolidation is appropriate.") .

In all seven Petitions, McCarthy alleges the BOP is denying him "appropriate" and "fair" consideration for one year of pre-release community confinement under the Second Chance Act because of "who he is" and his unlawful placement in the SMU. All of the petitions were filed while McCarthy was housed at USP-Lewisburg; thus the respondent for each action is the same. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717-18, 159 L.Ed.2d 513 (2004). Since all seven actions contain common questions of law or fact, this court will consolidate the seven petitions pursuant to Fed. R. Civ. P. 42(a) and will proceed with the consolidated matter under Civ. No. 1:15-00642, the action filed first.

Since a community corrections center (CCC) is materially different from prison confinement, McCarthy may challenge the failure to place him in a CCC under section 2241 as a challenge to the execution of his sentence.  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005).  However, McCarthy's challenge to his SMU placement is not cognizable in habeas corpus.  Release from the SMU would not alter McCarthy's sentence or undo his conviction; at most it would result in his placement in general population.  *See Cardona v. Thompson*, 551 F. App'x 630, 632 (3d Cir. 2013)(nonprecedential) (federal inmate's claims challenging SMU placement are "'conditions of confinement' claims because the relief he seeks would not alter his sentence or undo his conviction."); *Cardona v. Bledsoe*, 681 F.3d 533, 534 (3d Cir. 2012).  Therefore, the SMU claim is not properly asserted in a habeas petition brought pursuant to 28 U.S.C. § 2241.  Instead, it has to be pursued through the filing of a *Bivens* action.[1]  Accordingly, this claim will be dismissed from the consolidated action.

An appropriate Order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 22, 2016

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).