UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. McCARTHY, : | |
| : | |
| Petitioner : | |
| vs. : | CIVIL NO. 1:CV-15-0642 |
| : | |
| WARDEN DAVID EBBERT, : | (Judge Caldwell) |
| : | |
| Respondent : | |

*M E M O R A N D U M*

I.  *Introduction*

John J. McCarthy, proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' (BOP) implementation of the provisions of 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110-100 (Apr. 9, 2008), relating to placement of inmates in Residential Re-entry Centers (RRC).  (ECF No. 1, Pet.)  McCarthy alleged that, by not providing him with one-year RRC placement, the BOP violated his due process rights, federal law and his equal protection rights.  He claimed he was discriminated against "because of who he is and because of his unlawful placement in the Special Management Unit at Lewisburg."  (*Id.*, p. 2.)  As relief he sought a one-year placement in an RRC.  (*Id.*, p. 3.)

Respondent recently filed a Suggestion of Mootness based on McCarthy's March 24, 2017, release from BOP custody.  (ECF No. 12).

II.   *Discussion*

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005).  Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007).   The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole."  *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983.  This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist.  *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).  Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction.  *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983.  By contrast, challenges to the execution of a sentence that has already been served will not be presumed.  *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986.

McCarthy's petition challenging his length of placement in an RRC prior to his release from BOP custody is moot based on his March 24, 2017, release. His release eliminates the Court's ability to grant him any relief.  Under these circumstances, McCarthy cannot demonstrate any continuing collateral consequences or injury now that he has been released.  As no live controversy remains, McCarthy's Petition for Writ of Habeas Corpus will be dismissed as moot.  *See Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009).

III.	*Conclusion*

Based on the foregoing, this court will dismiss the Petition as moot.  We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  March 31, 2017